IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANASTACIO RODRIGUEZ,

          Plaintiff,

v.

PEPSICO LONG TERM
DISABILITY PLAN, et al.,

          Defendants.

NO. C10-01067 TEH

ORDER GRANTING
DEFENDANTS' MOTION TO
TRANSFER VENUE

This matter came before the Court on June 7, 2010, on the motion to dismiss or, in the alternative, to transfer venue filed by Defendants PepsiCo Long Term Disability Plan ("LTD Plan") and PepsiCo Employee Health Care Program ("Health Care Program") (collectively, "Defendants"). Defendants argue that Plaintiff Anastacio Rodriguez ("Rodriguez" or "Plaintiff") filed his claim to recover long-term disability benefits in an improper venue, contrary to a forum selection clause requiring that such lawsuits be brought in the United States District Court for the Southern District of New York. Rodriguez contends that the forum selection clause should not be enforced because he did not receive notice of the provision, the clause runs contrary to federal law, and moving the venue to New York would deny him his day in court due to his physical and financial constraints.

For the reasons set forth below, Defendants' motion is GRANTED. This action will be transferred to the Southern District of New York.

**BACKGROUND**

Rodriguez began working for Frito-Lay, Inc. – a division of PepsiCo, Inc. – in June 2000 as a route sales representative, a position that required him to drive a company truck to

locations where he would stock and merchandise Frito-Lay products. A degenerative lumbar disc disease forced him to cease working in December 2006.

As a result of his condition, Rodriguez was granted 24 months of long-term disability benefits through the LTD Plan, which is an "employee welfare benefit plan" within the meaning of section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). His claim for benefits was terminated as of December 31, 2008 based on the determination by the LTD Plan's claims administrator, Sedgwick CMS ("Sedgwick"), that he did not meet the definition of disability. He appealed that determination on November 24, 2009, but Sedgwick affirmed its original decision by letter dated January 5, 2010. Rodriguez filed this action on March 12, 2010, bringing one claim under ERISA to recover benefits due to him under the LTD Plan and the Health Care Program. *See* 29 U.S.C. § 1132(a)(1)(B).

Defendants moved to dismiss or to transfer venue on April 12, 2010, based on a forum selection clause. As required by ERISA, 29 U.S.C. § 1102(a)(1), the terms of the LTD Plan are set out in an official plan document, which included the following provision as of January 2007:

> **6.12    Restriction of Venue**
> Effective from and after January 1, 2007, any claim or action filed in court or any other tribunal in connection with the Program by or on behalf of a Petitioner (as defined in Section 6.11) shall only be brought or filed in the United States District Court for the Southern District of New York.[1,2]

Sloat Aff., Ex. A at 74. A description of the forum selection provision also appeared in a "2007 Summary Plan Description," which explained the terms of the LTD Plan in plain non-legal language and was available on a benefits website for PepsiCo employees. This motion requires the Court to determine whether the forum selection clause should be enforced.

---

[1] The LTD Plan defines "Petitioner" as "an Employee, former Employee, Participant, [or] former Participant," among others. Sloat Aff., Ex. A at 73.

[2] A materially identical forum selection clause appears at Section 6.6 of the Health Care Program effective January 1, 2008.

2

**LEGAL STANDARD**

A motion to dismiss based on a forum selection clause is governed by Federal Rule of Civil Procedure 12(b)(3), which allows an action to be dismissed for "improper venue." *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). On a Rule 12(b)(3) motion, "the pleadings need not be accepted as true," and "the court may consider facts outside of the pleadings." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). The Court "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Id.* at 1138. A district court shall, pursuant to 28 U.S.C. § 1406(a), "dismiss, or if it be in the interest of justice, transfer" a case "laying venue in the wrong division or district."

A forum selection clause is presumptively valid and "should control absent a strong showing that it should be set aside." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *see also Argueta*, 87 F.3d at 325 ("Although *Bremen* is an admiralty case, its standard has been widely applied to forum selection clauses in general."). The party opposing the enforcement of a forum selection clause has the burden of showing that it is "'unreasonable' under the circumstances." *M/S Bremen*, 407 U.S. at 10; *see also Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514-15 (9th Cir. 1988). There are three circumstances under which enforcement of a forum selection clause would be unreasonable: "(1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Murphy*, 362 F.3d at 1140 (internal citations and quotation marks omitted). Forum selection clauses are also scrutinized for "fundamental fairness," and may be deemed unfair if inclusion of the clause was motivated by bad faith, if "accession to the forum clause" was obtained "by fraud or overreaching," or if the party had no notice of the forum provision. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991). "The party challenging the clause bears a 'heavy burden of proof.'" *Murphy*, 362 F.3d at 1140 (quoting *M/S Bremen*, 407 U.S. at 17).

3

**DISCUSSION**

The Ninth Circuit has not spoken to the enforceability of forum selection clauses in ERISA plans. The vast majority of district courts to tackle the question have enforced such clauses;[3] a couple have refused.[4] Defendants, predictably, urge the Court to flow with the tide of the majority; Rodriguez argues that only the outliers are applicable here. Although Rodriguez acknowledges the presumption in favor of enforcing forum selection clauses, he advances three rationales for overcoming that presumption. First, he contends that he received no notice that the forum selection provision existed until this motion. Second, he argues that the clause contravenes ERISA's venue provision and defies its purpose of guaranteeing access to the federal courts. Finally, Rodriguez alleges that enforcement of the forum selection clause against him would be fundamentally unfair because his disability and limited finances render him unable to travel to New York for the litigation. The Court addresses each argument in turn.

---

[3] *See, e.g.*, *Klotz v. Xerox Corp.,* 519 F. Supp. 2d 430, 435-36 (S.D.N.Y. 2007) (following the "vast majority of district courts" that "have enforced forum selection clauses in ERISA plans"); *Testa v. Becker*, No. CV 10-638-GHK (FMOx), 2010 U.S. Dist. LEXIS 47130, at *22-23 (C.D. Cal. Apr. 22, 2010) (concluding forum selection clause "is valid and enforceable," and transferring action to appropriate venue); *Laasko v. Xerox Corp.*, 566 F. Supp. 2d 1018, 1024 (C.D. Cal. 2008) (enforcing forum selection clause because it is "applicable to Plaintiff, does not contravene federal policy, and is fundamentally fair"); *Sneed v. Wellmark Blue Cross & Blue Shield*, No. 1:07-CV-292, 2008 U.S. Dist. LEXIS 36382, at *9 (E.D. Tenn. Apr. 30, 2008) (deeming Plaintiff's counsel having "to make one trip to Iowa for a hearing" insufficient for "Plaintiffs to satisfy their 'heavy burden of proof' required to set aside a forum selection clause for inconvenience"); *Schoemann v. Excellus Health Plan, Inc.*, 447 F. Supp. 2d 1000, 1007 (2006) (finding "nothing in the language or purposes of ERISA that renders invalid a forum-selection clause in a welfare-benefit plan").

[4] *See Mezyk v. U.S. Bank Pension Plan*, No. 3:09-cv-384-JPG, 2009 U.S. Dist. LEXIS 107574, at *11 (S.D. Ill. Nov. 18, 2009) (declining to enforce forum selection clause that "was not negotiated with or reasonably communicated to the plaintiffs"); *Nicolas v. MCI Health & Welfare Plan No. 501*, 453 F. Supp. 2d 972, 974 (E.D. Tex. 2006) (concluding that "the policies of the ERISA statutory framework supercede the general policy of enforcing forum selection clauses").

4

**1.      Notice of the Forum Selection Clause**

Rodriguez claims that the first notice he received of the forum selection clause's existence was Defendants' filing of this motion.  Since notice of a forum selection clause is a factor in assessing its fundamental fairness, *Carnival Cruise Lines*, 499 U.S. at 595, Rodriguez contends that the lack of notice renders this clause unfair and unenforceable. Defendants respond that this argument is meritless because Rodriguez did have notice of the venue requirement.

The forum selection clause at issue appears in the LTD Plan that became effective on January 1, 2007.  Rodriguez and his counsel submitted three requests for documents to Sedgwick, but none of the materials that Sedgwick disclosed included any reference to the forum selection clause.  On January 13, 2009, before retaining counsel, Rodriguez faxed Sedgwick a request for the contents of his claim file; the response included no plan documents.  His counsel, by letter dated May 19, 2009, requested from Sedgwick "[a]ll Plan documents for the  Long-Term Disability Plan, including but not limited to all governing Plan documents and any amendments thereto, all Summary Plan Descriptions and statements of material modification thereto, and any documents distributed to participants which detail or comprise the terms of the Plan."  Springer-Sullivan Decl., Ex. 3 at ROD468.  After Sedgwick denied Rodriguez's appeal, his counsel reiterated this request on January 12, 2010. Sedgwick responded to each of counsel's communications, but furnished only the PepsiCo LTD Plan effective January 1, 2000, and the PepsiCo 2006 Benefit Book, neither of which included the forum selection clause.  As a result, Rodriguez claims he only became aware of the forum selection clause when the instant motion was filed.

However, Defendants offer two examples of notice that was given or available to Rodriguez before he brought this action.  Sedgwick's January 10, 2010 letter denying Plaintiff's appeal explained that, "[u]nder the terms of the Plan, any claim or action filed in court or any other tribunal in connection with the Plan by you or by another individual, person, entity or representative on your behalf shall only be brought or filed in the United States District Court for the Southern District of New York."  Supp. Laser Aff., Ex. A at 4.

5

In addition, notice of the forum selection clause was included in the 2007 Summary Plan Description ("SPD"), which was posted on a PepsiCo employee website and available to LTD Plan participants. The SPD provided, under the heading "Limitations on Actions," that "[a]ny claim or action relating to disability benefits (including eligibility claims or actions) under the PepsiCo Disability Plan can only be brought in the United States District Court for the Southern District of New York." Sloat Aff., Ex. B at 286.

Rodriguez analogizes the circumstances here to *Mezyk v. U.S. Bank Pension Plan*, in which a federal district court in Illinois refused to enforce a forum selection clause because it "was not reasonably communicated to the party against whom enforcement [was] sought." No. 3:09-cv-384-JPG, 2009 U.S. Dist. LEXIS 107574, at *10 (S.D. Ill. Nov. 18, 2009). The plaintiffs in *Mezyk* did not receive notice of the forum selection clause until after they commenced litigation on May 21, 2009, even though it had been added to the ERISA plan by amendment effective January 1, 2009. "To bind the plaintiffs to a Plan provision of which they were not reasonably notified would be manifestly unjust and would be a reason for declining to dismiss or transfer a case under either § 1404(a) or § 1406(a)," the court found. *Id.* at *11. This Court does not find *Mezyk* persuasive here, however, because Defendants have demonstrated that Rodriguez did receive notice of the forum selection clause before filing suit.

Rodriguez contends that notice to him was even more deficient than in *Mezyk*, because he had *explicitly requested* copies of plan documents but received only prior versions lacking any forum selection clause. Defendants counter that Rodriguez sent his request to the wrong entity: Sedgwick is the LTD Plan *claims* administrator, whereas only the *plan* administrator – the PepsiCo Administration Committee – is obligated to respond to requests for plan documents. This distinction is key, according to Defendants, because claims are administered according to the plan in place when a participant first becomes disabled – which explains why Sedgwick sent Rodriguez only earlier plan documents that predated the appearance of the forum selection clause. Procedural issues before this Court, by contrast, are governed by the version of the plan in effect when the claim is denied – *i.e.*

6

1 the LTD Plan effective January 1, 2007. Rodriguez rebutted this argument at hearing by
2 asserting that Sedgwick – as claims administrator – is a fiduciary of the LTD Plan and did
3 have an obligation to provide the documents requested.

4 The Court need not rule on the propriety of Sedgwick's responses to Rodriguez's
5 requests, however. Rodriguez does not dispute that the forum selection provision was
6 explained on the PepsiCo benefits website – to which LTD Plan participants are directed for
7 benefits information – nor does he deny that Sedgwick advised him of the clause in its letter
8 denying his appeal. He argues simply that such notice is insufficient. The Court disagrees.
9 Since the Court is satisfied that Rodriguez received adequate notice of the forum selection
10 clause, deficiency of notice cannot be a basis for denying this motion.

## 2. ERISA's Venue Provisions

Enforcement of the forum selection clause would also conflict with ERISA itself, Rodriguez argues. ERISA allows actions to be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Enforcing a forum selection clause would constrain those options to a single venue and therefore, according to Rodriguez, violate ERISA's broad venue provision. Rodriguez further contends that forum selection clauses run counter to the purpose of ERISA, as articulated in the congressional findings and legislative history. ERISA was meant to advance a policy of protecting "the interests of participants in employee benefit plans and their beneficiaries, . . . by providing for . . . ready access to the Federal courts." 29 U.S.C. § 1001(b). The legislative history similarly characterizes the statute's goal as "to provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law for recovery of benefits due to participants." H.R. Rep. No. 93-533, at 17 (1973), *reprinted in* 1974 U.S.C.C.A.N. 4639, 4655.

7

Enforcement of a forum selection clause is not inconsistent with the terms or policy rationales of ERISA.  The statute's venue provision provides that an action "*may* be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."  29 U.S.C. § 1132(e)(2) (emphasis added).  Nothing in the statutory language bars those negotiating ERISA plans from narrowing that menu of options to one venue in particular.  As many other district courts have already observed, Congress could have – but has not – expressly barred parties from agreeing to restrict ERISA's venue provisions.  *See Klotz v. Xerox Corp.,* 519 F. Supp. 2d 430, 436 (S.D.N.Y. 2007) ("If Congress had wished to prevent parties from waiving ERISA's venue provision by private agreement, it could have done so through an express provision in the statute."); *see also Testa v. Becker*, No. CV 10-638-GHK (FMOx), 2010 U.S. Dist. LEXIS 47130, at *14 (C.D. Cal. Apr. 22, 2010).  In light of the strong presumption favoring enforcement of forum selection clauses, Congress would have had to speak far more clearly if it meant to prohibit them entirely in the ERISA context.

The Court does not share the concern articulated in *Nicolas v. MCI Health and Welfare Plan No. 501* that enforcement would "encourage a flood of new, non-negotiated 'plans' containing forum selection clauses[,] . . . severely limit[ing] many potential plaintiffs from having ready access to the federal courts and thereby vitiat[ing] the congressional intent of enacting ERISA."  453 F. Supp. 2d 972, 974 (E.D. Tex. 2006).  The Supreme Court, while declaring the presumptive validity of forum selection clauses in *M/S Bremen*, also established a framework for disregarding them where enforcement would be unreasonable.  *M/S Bremen* and its progeny provide sufficient protection against the *Nicolas* court's concern about the application of forum selection clauses to effect a wholesale denial of court access for ERISA plaintiffs.  Furthermore, limiting claims to one federal district encourages uniformity in the decisions interpreting that plan, which furthers ERISA's goal of enabling "employers 'to establish a uniform administrative scheme'" so that plans are not "subject to different legal obligations in different States."  *Egelhoff v. Egelhoff*, 532 U.S. 141, 148 (2001) (quoting *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 9 (1987)); *see also Klotz*, 519 F. Supp. 2d at 436.

8

1 The inclusion and enforcement of forum selection clauses in ERISA plans is therefore not
2 inconsistent with the language and purpose of the statute, and enforcement should not be
3 denied on that basis.

### 3. Physical and Financial Constraints

Rodriguez's final argument is based on the constraints imposed by the very disability that underlies this lawsuit. Rodriguez's degenerative lumbar disc disease causes severe, continuous back pain that renders him incapable of sitting in the same position for more than 20 minutes. His condition makes flying cross-country impossible; indeed, he has not flown once in the past dozen years. In addition, he could not afford airfare to New York given that he and his wife have a limited monthly income of $2,600 to support a family of six.

A forum selection clause should not be enforced where doing so would "deprive[ a party] of his day in court." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004). In *Murphy*, the Ninth Circuit found that a party's "physical and financial limitations" could together preclude him from having "his day in court," and therefore provide a basis for declining to enforce a forum selection clause. *Id.* at 1143. *Murphy*, however, was a driver's personal injury suit, an action with a reasonable probability of going to trial.

The nature of ERISA actions is very different. The LTD Plan explicitly provides in section 6.09(g) that court review shall be based solely on "the record before the Administrator at the time the Administrator made its determination," and that the claim "shall be reviewed under the arbitrary and capricious standard (i.e., the abuse of discretion standard)." Sloat Aff., Ex. A at 72. Benefits "will be paid only if the . . . Claims Administrator decides *in its discretion* that the Participant (or other claimant) is entitled to them." *Id.* at 66 (LTD Plan section 6.3(c)) (emphasis added). An "abuse of discretion" standard is used to review the denial of benefits under an ERISA plan that gives an administrator discretionary authority to make eligibility determinations. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 114-15 (1989). In that context, the prospect of a trial is highly improbable; rather, this action is likely to be decided by the court on motions for

9

summary judgment.[5]  If a trial were to occur, Rodriguez could move to transfer venue back to the Northern District of California, based on his inability to appear in New York.  28 U.S.C. § 1404(a) (allowing the court to "transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses" and "in the interest of justice"); *see also Klotz*, 519 F. Supp. 2d at 437 (rejecting argument that change in venue would deny plaintiff's day in court based on physical infirmity).  Enforcement of the forum selection clause therefore will not deprive Rodriguez of his day in court.

\* \* \*

As Rodriguez has failed to overcome the presumption in favor of enforcing the forum selection clause, the Court rules that the clause should be enforced.  The Court must now determine how to enforce it:  whether to dismiss the action outright, or, "in the interest of justice," to transfer it directly to the Southern District of New York.  28 U.S.C. § 1406(a).  Although Defendants proposed either option, they suggested at hearing that transfer would be the more appropriate alternative.  Dismissal would force Plaintiff to incur additional fees and delay by refiling in the Southern District of New York.  The Court therefore concludes that justice is best served by transfer, rather than dismissal.  *See Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Whiteman v. Grand Wailea Resort*, No. C98-04442 MMC, 1999 U.S. Dist. LEXIS 3594, at \*6-7 (N.D. Cal. Mar. 17, 1999).

---

[5] Rodriguez argued at hearing that the Ninth Circuit's ruling in *Nolan v. Heald College*, 551 F.3d 1148 (9th Cir. 2009), makes ERISA actions far more likely to be decided at a bench trial.  The Ninth Circuit held that, when an ERISA plaintiff presents material evidence of the plan administrator's bias at summary judgment, the district court "will have to conduct a limited bench trial to definitively determine bias and, in turn, the precise contours of the abuse of discretion standard." *Id.* at 1156.  Defendants respond that the structural conflict of interest at issue in *Nolan* – where the same entity "both determines eligibility for benefits and pays benefits awards," *id.* at 1153 – is not present here, because Sedgwick determines eligibility and PepsiCo pays the awards.  Furthermore, Rodriguez has identified no comparable decision in the Second Circuit that would increase the probability of a bench trial.  *Nolan* therefore does not alter this Court's conclusion that a trial in the Southern District of New York is highly unlikely.

10

**CONCLUSION**

For the reasons set forth above, Defendants' motion to transfer is GRANTED. The Clerk is directed to transfer this case to the United States District Court for the Southern District of New York.

**IT IS SO ORDERED.**

Dated: 6/9/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT